UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-00694-GNS

CHARLES LECHLEITER, III                                                              PLAINTIFF
and
HANNAH BOYLE                                                            INTERVENOR PLAINTIFF

v.

SEI/AARON'S, INC.                                                                   DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment (DN 9), and Defendant's Motion for Summary Judgment on Intervening Plaintiff's Claims (DN 13). For the reasons described below, the Court **GRANTS** both motions.

**I. BACKGROUND**

On October 18, 2014, in Crawford, Indiana, Plaintiff Charles Lechleiter, III ("Lechleiter") and Intervenor Plaintiff Hannah Boyle ("Boyle") (collectively, "Plaintiffs") were travelling in a car and became involved in an accident with Chandler Calfee ("Calfee"), an employee of Defendant SEI/Aaron's, Inc. ("Aaron's"). (Compl. 1-2, DN 1-2; Intervening Compl. 1-2 DN 11). Calfee—who was employed at Aaron's Jeffersonville, Indiana store—was transporting a mattress from English, Indiana, to Paoli, Indiana. (Morgan Aff. 1, DN 9-5). Plaintiffs are both residents of Kentucky. (Compl. 1; Intervening Compl. 1). Aaron's is a Georgia corporation. (Compl. 1; Intervening Compl. 1).

On August 5, 2015, Lechleiter filed his Complaint in Jefferson Circuit Court. (Compl. 1). On August 25, 2015, Aaron's removed the action to this Court on the basis of diversity

jurisdiction. (Notice of Removal 1, DN 1). On September 15, 2015, Boyle moved to intervene as a plaintiff (Mot. to Intervene, DN 6), which the Court granted (Order, DN 10).

On October 8, 2015, Aaron's filed its motion for summary judgment as to Lechleiter's claims. On October 13, 2015, Boyle filed her intervening complaint. On October 19, 2015, Aaron's filed its motion for summary judgment as to Boyle's claims. Plaintiffs have responded to both motions (Pls.' Combined Resp. to Def.'s Mot. for Summ. J., DN 14 [hereinafter Pls.' Resp.]), and Aaron's has replied in support of its motions (Def.'s Reply in Supp. of Mots. for Summ. J., DN 16 [hereinafter Def.'s Reply]). The motions are thus ripe for adjudication.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue of material fact when "looking to the record as a whole, a reasonable mind could come to only one conclusion . . . ." *Mickler v. Nimishillen & Tuscarawas Ry. Co.*, 13 F.3d 184, 186 (6th Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)). "When moving for summary judgment the movant has the initial burden of showing the absence of a genuine dispute as to a material fact." *Automated Sols. Corp. v. Paragon Data Sys., Inc.*, 756 F.3d 504, 520 (6th Cir. 2014) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "The burden then shifts to the nonmovant, who must put forth enough evidence to show that there exists 'a genuine issue for trial.'" *Id.* (citing *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004)).

While the Court must view the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

475 U.S. 574, 586 (1986) (citations omitted). Rather, the non-moving party must present specific facts proving that a genuine factual issue exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

### III. DISCUSSION

"[A] federal court must dismiss any claim for which it lacks jurisdiction without addressing the merits." *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 553 (6th Cir. 2012). "The burden of establishing jurisdiction is on the plaintiff." *Third Nat'l Bank v. WEDGE Grp., Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989) (internal quotation marks omitted) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980)).

"Personal jurisdiction over an out-of-state defendant arises from 'certain minimum contacts with [the forum] such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice."'" *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (alteration in the original) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940))). In a matter founded on diversity jurisdiction under 28 U.S.C. § 1332, as this one is, the court "must look to the law of the forum state to determine the reach of the district court's personal jurisdiction over parties, subject to constitutional due process requirements." *Id.* at 550.

The Court undertakes a two-step analysis to determine whether or not it has jurisdiction under Kentucky state law: "(1) first, the court must determine whether . . . [Kentucky's] relevant long-arm statute[] authorize[s] the exercise of jurisdiction over Defendants; and, if so, (2) the

court must determine whether exercise of that jurisdiction comports with constitutional due process." *Id. See also Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 57 (Ky. 2011).

Kentucky's long-arm statute allows Kentucky courts to "exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from" nine scenarios. KRS 454.210(2)(a). The fourth scenario is the only one that could potentially establish personal jurisdiction over Aaron's.[1] It provides that a Kentucky court may exercise personal jurisdiction over a nonresident as to a claim arising from the person's:

> Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth, provided that the tortious injury occurring in this Commonwealth arises out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within the Commonwealth . . . .

KRS 454.210(2)(a)(4). The key portion as to this case is the last requirement: that the injury "arises out of the doing or soliciting of business or a persistent course of conduct or deviation of substantial revenue *within* the Commonwealth." KRS 454.210(2)(a)(4) (emphasis added).

The Supreme Court of Kentucky applies the "common, ordinary meaning" of "arising from," *i.e.*, "to originate from a source," or "to come into being." *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 58 (Ky. 2011) (citation omitted) (internal quotation marks omitted). In *Beach*, a Kentucky resident visited a casino in Indiana and slipped on butter resting on the floor, resulting in injury. *Id.* at 53. She sued the casino operators in Kentucky, but the

---

[1] The fifth, sixth, seventh, eighth, and ninth scenarios are clearly inapplicable because this action does not involve a warranty, real property, insurance, sexual intercourse, or telephonic solicitation. *See* KRS 454.210(2)(a)(5)-(9). The first scenario is not applicable, either, as the only transaction even tangentially involved in this action occurred in Indiana and the goods involved were transported in Indiana. The second scenario also does not apply because Plaintiffs' claims do not arise from Aaron's contracting to supply goods or services in Kentucky. *See* KRS 454.210(2)(a)(2). Finally, the third scenario is inapplicable because the accident giving rise to this action did not occur in Kentucky. *See* KRS 454.210(2)(a)(3).

4

action was dismissed due to lack of personal jurisdiction. *Id.* at 53-54. The Supreme Court of Kentucky ultimately affirmed.

The court found that the casino operators transacted business in Kentucky per KRS 454.210(2)(a)(1) by soliciting business through advertising in Kentucky, by giving preferred customer incentives to Kentucky residents, and by participating in "substantial civic and charitable activities" in Kentucky. *Id.* at 58. It further noted that fifty percent of the casino's revenue was derived from Kentucky residents. *Id.* The court affirmed the dismissal of the case, however, because "[a] comparison of the wrongful acts underlying [Beach's] claim to the [casino's] conduct and activities in this Commonwealth yields the conclusion that the wrongful conduct has no relation at all to the business [the casino] transact[s] in this Commonwealth." *Id.* 59. To paraphrase, Beach's slip-and-fall on spilled butter at the casino had no relation to the casino operators' activities conducted in Kentucky or directed toward Kentucky residents.

The same is true in this matter. Aaron's does not deny that it transacts business in Kentucky and even has a physical presence in Kentucky. (Def.'s Mem. in Supp. of Mot. for Summ. J. 2, DN 9-1 ("Of its 110 stores, Aaron's operates . . . eleven in Kentucky.")). Plaintiffs' claims, however, have no relation to the presence of Aaron's locations in Kentucky or the business that Aaron's transacts in Kentucky. The accident occurred in Indiana. (Compl. 1). The driver of the Aaron's vehicle involved worked only at an Indiana location. (Noorani Aff., DN 9-3). He was delivering a mattress from an Indiana location to another Indiana location. (Morgan Aff.). In short, other than the fact that Plaintiffs are Kentucky residents the accident in question has no ties to Kentucky, so that Plaintiff's claims do not arise from Aaron's conduct within the Commonwealth. Because this matter does not fall within one of the circumstances in which this

Court may exercise jurisdiction over a nonresident pursuant to Kentucky's long-arm statute, the Court must grant the motions to dismiss.

## IV. CONCLUSION

Because this Court does not have personal jurisdiction over Defendant, the Court will **GRANT** Defendant's Motion for Summary Judgment (DN 9), and Defendant's Motion for Summary Judgment on Intervening Plaintiff's Claims (DN 13). This matter is **STRICKEN** from the Court's docket.

**Greg N. Stivers, Judge**
**United States District Court**
December 18, 2015

cc: counsel of record